IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS R. LASALLE-TORRES,

    Plaintiff,

        v.                                CIVIL NO.: 12-1478 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Carlos R. Lasalle-Torres ("plaintiff" or "claimant") was born in 1970 and completed the eleventh grade. (Tr. 119.)[1] On February 21, 2007, plaintiff filed an application for Social Security disability insurance benefits, alleging disability due to major depressive disorder with psychotic features, generalized anxiety disorder, schizoaffective disorder, and decreased vision in his right eye due to a macular hole. (Tr. 21-23; 273.) The alleged onset date of the disability preventing was January 1, 2005, and the end of the insurance period was December 31, 2008 (the "disability insurance period"). (Tr. 20.) Plaintiff worked for about thirteen years as a gasoline dispatcher, but did not engage in substantial gainful activity during the disability insurance period. (Tr. 20; 55.) Claimant's application was denied initially and upon reconsideration. (Tr. 18.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). He waived his right to appear at the hearing held on February 1, 2010, but he was represented by counsel and a vocational expert ("VE") testified at the hearing. (Tr. 34-63.) The ALJ rendered a decision on

---

[1] There is a discrepancy in the record as to Plaintiff's education level, as his attorney asserted that "he has a ninth grade education" when testifying before the Administrative Law Judge, but other documents in the record indicate he has an eleventh grade education level. (Tr. 52; 119).

April 9, 2010, finding at step five that plaintiff was not disabled through the date last insured. (Tr. 28.)  The Appeals Council denied plaintiff's request for review on April 17, 2012.  (Tr. 1.) Therefore, the ALJ's opinion became the final decision of the Commissioner of Social Security (the "Commissioner" or "defendant").  Id.

On June 15, 2012, plaintiff filed a complaint seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706, alleging that defendant's finding that plaintiff was not disabled was not based on substantial evidence.  ECF No. 1, ¶ 3, 6.  On January 15, 2013, defendant filed an answer to the complaint and a certified transcript of the administrative record.  ECF Nos. 14; 15.  Both parties have filed supporting memoranda of law.  ECF Nos. 16; 18.

## II.   STANDARD OF REVIEW

The Social Security Act (the "Act") provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g). Substantial evidence exists "is a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda-Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).  The Commissioner's decision must be upheld if the court determines that substantial evidence supports the ALJ's findings, even if a different conclusion would have been reached by reviewing the evidence *de novo*.  Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st. Cir. 1981).  The Commissioner's fact findings not conclusive, however, "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam).

An individual is deemed to be disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the ALJ concludes that the claimant's impairment or impairments do prevent him from performing her past relevant work, the analysis then proceeds to step five. At this final step, the ALJ evaluates whether the claimant's residual functional capacity ("RFC"),[2] combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that the claimant can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g). Under steps one through four, the plaintiff has the burden to prove that he cannot return to his former job because of his impairment or combination of impairments. Ortiz v. Sec'y of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989) (per curiam). Once he has carried that burden, the Commissioner then has the burden under step five "to prove the existence of other jobs in the national economy that the plaintiff can perform." Id.

### III.   RELEVANT MEDICAL EVIDENCE[3]

On September 13, 2007, state agency medical consultant Luis Umpierre, Psy.D. ("Dr. Umpierre") completed a Mental Residual Functional Capacity Assessment ("MRFC

---

[2] An individual's RFC is the most that he or she can do in a work setting despite the limitations imposed by her mental and physical impairments. 20 C.F.R. § 404.1545(a)(1).

[3] In his memorandum of law in support of his appeal to the court, plaintiff does not make any arguments regarding the ALJ's refusal to consider the alleged physical impairment for the purposes of evaluating his disability claim or the ALJ's decision to give weight to the opinion of State Agency Psychologist Dr. Luis Umpierre. See ECF No. 16, at 13 n. 11 ("We are going to focus on present case [sic], on the mental limitations, and thus on Dr. Luis Umpierre, a State Agency Psychologist."). The arguments in plaintiff's memorandum center on whether Dr. Umpierre's medical record assessment of plaintiff's mental health condition is consistent with the ALJ's determinations. (Tr. 16; 21.) The state agency consulting examiners did not find sufficient evidence upon which to evaluate his physical impairment. (Tr. 383, 411.) The ALJ did not to evaluate plaintiff's claim for disability with regard to the alleged visual condition based on her assessment that evidence in the record shows that plaintiff has not had his vision checked in the past nine years, and that plaintiff and his attorney at the administrative level failed to cooperate with the agency's efforts to obtain a more recent examination of his vision. (Tr. 21.) Furthermore, plaintiff's memorandum does not contain any arguments regarding the ALJ's treatment of other mental evidence in the record. (Tr. 16.) Therefore, a summary of the physical health evidence and the additional mental health evidence in the record is irrelevant to the disposition of this case and has accordingly been omitted from this section.

Assessment") form regarding plaintiff's mental health condition.  (Tr. 378-81.)  In Section I, the "Summary Conclusions" portion of the MRFC Assessment form, Dr. Umpierre checked boxes to indicate that plaintiff was "moderately limited" in his ability to:

> 1) remember locations and work-like procedures; 2) understand and remember detailed instructions; 3) carry out detailed instructions; 4) maintain attention and concentration for extended periods; 5) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; 6) work in coordination with or proximity to others without being distracted by them; 7) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform and a consistent pace without an unreasonable number and length of rest periods; 8) interact appropriately with the general public; 9) accept instructions and respond appropriately to criticisms from supervisors; 10) get along with coworkers or peers without distracting them or exhibiting behavioral extremes; 11) respond appropriately to changes in work setting; and 12) travel to unfamiliar places or use public transportation.  (Tr. 379.)

In Section III, the "Functional Capacity Assessment" portion of the MRFC Assessment form, Dr. Umpierre elaborated that plaintiff's:

> ability to get along with others appears to be mildly impaired.  She [*sic*] will not engage in group or socially demanding situations due to his isolation.  His ability to understand more detailed complex instructions is significantly impaired due to his diminished concentration and judgment.  His ability to withstand the stress and pressure of everyday work is moderately impaired.  He does appear to retain the capacity to complete simple routine tasks in a work setting that require minimal contact with the general public.  Able to sustain concentration for at least two hour interval [*sic*] and complete a normal workday and workweek that does not require dealing with complex and detailed procedures.  (Tr. 380.)

IV.   **ANALYSIS**

    A.    **Failure to Account for All of Plaintiff's Functional Limitations**

Plaintiff's primary objection is that the ALJ's determination of his RFC and the subsequent hypothetical presented to the VE did not accurately reflect all of plaintiff's functional limitations.  See ECF No. 16 at 11-21.  Specifically, plaintiff argues that the ALJ's RFC

determination failed to account for all of the limitations that Dr. Umpierre identified in Section I of the MRFC assessment, including his ability: to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; to perform at a consistent pace; to accept instructions and respond appropriately to criticism from supervisors; to get along with coworkers or peers without distracted them or exhibiting behavioral extremes; or to remember locations and work-like procedures. See id. at 4. He argues that the ALJ erred in failing to proffer an explanation as to why he chose to disregard those limitations. See id. at 15-16.

The ALJ was under no burden to include each summary conclusion found in Section I of Dr. Umpierre's MRFC Assessment in his hypothetical question to the VE. As the Social Security Administration has explained in its Programs Operations Manual: "Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment" of the state agency psychologist who completes it. POMS DI 25010.060 (emphasis omitted); see also Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 636-37 (3d Cir. 2010) (affirming district court's decision "[b]ecause [appellant] cannot rely on the worksheet component of the Mental Residual Functional Capacity Assessment to contend that the hypothetical question was deficient …."). "[A]s provided on the face of the form itself, the criteria found in Section I of the form should be used to provide a more detailed assessment of RFC in Section III of the form." Pippen v. Astrue, No. 1:09cv308, 2010 WL 3656002, at *6 (W.D.N.C. Aug 24, 2010), adopted by 2010 WL 3655998 (W.D.N.C. Sept. 15, 2010).

The twelve individual limitations regarding plaintiff's ability to function in a work environment listed in Section I of the MRFC Assessment were subsumed within Dr. Umpierre's narrative assessment of in Section III, which the ALJ adopted in his RFC determination. The

MRFC form itself instructs the medical professional completing it to "Record the elaborations on the preceding capacities in this section.  Complete this section ONLY after the SUMMARY CONCLUSIONS section has been completed.  Explain you summary conclusions in narrative form."  (Tr. 380.) (emphasis in original).  Plaintiff does not argue that the ALJ failed properly consider Section III of Dr. Umpierre's assessment; however, it is evident from the ALJ's RFC determination that he did consider the narrative from the Functional Capacity Assessment in Section III, as the ALJ's RFC determination directly reflects Dr. Umpierre's narrative.  (Tr. 380.) Dr. Umpierre noted in Section III that "[plaintiff] does appear to retain the capacity to complete simple routine tasks in a work setting that require minimal contact with the general public. [He is] able to sustain concentration for at least two hour intervals and complete a normal workday and workweek that does not require dealing with complex and detailed procedures."  Id.  The ALJ concluded, almost identically, that plaintiff had the RFC: "To work at all exertional levels but with the following nonexertional limitations: the claimant retains the capacity to complete simple routine tasks in a work setting that requires minimal contact with the general public.  He is able to sustain concentration for at least two house intervals and complete a normal workday and workweek that does not require dealing with complex and detailed procedures."  (Tr. 22.)

Plaintiff relies heavily on decision reached in Miranda-Bonilla v. Astrue, in which the court found that the questions posed by the ALJ did not clearly or accurately reflect the limitations found by the state agency physician.  Miranda-Bonilla v. Astrue, 11-1861 (JAF), 2013 WL 789216 (D.P.R. Mar. 4, 2013).  The opinion in Miranda-Bonilla v. Astrue, however, does not indicate whether the state agency physician's findings came from a MRFC Assessment.  Even assuming they did, however, this does not negate the fact that the ALJ in the case of caption was under no obligation to specifically refer to each of the twelve limitations identified

6

as summary conclusions in Section I of the MRFC Assessment in his RFC determination and hypothetical posed to the VE. The ALJ's RFC determination and subsequent hypothetical to the VE were properly supported by substantial evidence from Dr. Umpierre's narrative from Section III of the MRFC Assessment.

**B.     Hypothetical Posed to the Vocational Expert**

Plaintiff also argues that the ALJ erred in failing to demonstrate the existence of alternate work at step five, given that plaintiff's RFC indicated he could only sustain concentration and attention for two hour intervals and there is no law in Puerto Rico requiring employees to be granted a break every two hours. ECF No. 16, at 18-20. Plaintiff does not indicate why the lack of a legally-mandated two-hour break in Puerto Rico is material to this case. Id. The Social Security Regulations dictate that when acceptable work exists in significant numbers in the national economy, it does not matter, *inter alia*, whether such work exists in the immediate area in which plaintiff lives. See 20 C.F.R. § 404.1566(a). After being informed by the ALJ that plaintiff could only maintain attention concentration for two hours at a time but could finish a normal day of work, the VE found that a person with plaintiff's limitations could work in simple routine jobs, especially finishing jobs such as classifying and packaging. (Tr. 57.) The VE then testified that the incidence of the hand packer position included 1,800 to 2,000 positions within a radius of 50 to 60 miles, between 12,600 to 14,000 in Puerto Rico, and over 126,000 to 140,000 in the national economy. Id. Accordingly, plaintiff's argument that ALJ erred in finding that "there are a significant number of jobs available in the national economy which [plaintiff] could perform" is meritless. (Tr. 28.)

Lastly, plaintiff contends that when counsel posed to the VE "exactly the same hypothetical as the ALJ … having in mind the effect of the frequency, of end of [sic] lapses and

7

concentration," the VE indicated that alternate work did not exist. ECF No. 16, at 20. Plaintiff's argument, when viewed in context, cannot prosper. The attorney referred to a hypothetical individual who "is only able to maintain attention and concentration for two hours *independent* of whether he is able to finish a work day of eight hours, but is only able to maintain his concentration for two hours at a time." (Tr. 62.) (emphasis added). As previously mentioned, the ALJ's RFC finding indicated that plaintiff could maintain concentration for two hours at a time and complete a normal workday and workweek. (Tr. 22.) Therefore, the hypotheticals posed by the ALJ and the attorney were not in fact "exactly the same," as plaintiff states. The ALJ's hypothetical did not "inadequately [convey] to the expert the precise time limits on the claimant's daily activities." Arocho v. Secretary of Health and Human Services, 670 F.2d 374, 375 (1st. Cir. 1982) (finding ALJ's report failed to clarify an ambiguity regarding whether ALJ's determination that claimant could only sit for 3 hours, stand for 3 hours, and walk for 2 hours within an eight-hour work day implied that claimant could not work for a full eight-hour day). The ALJ made clear to the VE that the individual in his hypothetical could work an eight-hour workday, despite his limitations in concentration. (Tr. 55.) The ALJ also clarified to the VE that plaintiff could sustain attention and concentration for two hours *at a time*—not that he could only sustain attention and concentration for two hours total each day. (Tr. 55; 61.) Accordingly, plaintiff's argument amounts to that the ALJ's RFC determination, and therefore the hypothetical the ALJ posed to the VE, did not reflect all of claimant's limitations, because it did not include the "twelve mental moderately limited areas" from Section I of Dr. Umpierre's MRFC Assessment. ECF No. 16, at 21. For the reasons discussed in Section IV-A above, this argument is untenable.

## V.  CONCLUSION

Based on the foregoing analysis, the court concludes that the decision of the Commissioner was based on substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of November, 2013.

**s/Marcos E. López**
**U.S. Magistrate Judge**
